Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Christopher R. Houk, AZ Bar #020843
Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
       sally.shanley@eeoc.gov
       christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>El Palacio Mexican Restaurants, Inc.,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Stephanie Mason who was adversely affected by such practices during their employment by El Palacio Mexican Restaurants, Inc. ("El Palacio"). The Equal Employment Opportunity Commission alleges that El Palacio failed to hire and/or terminated Ms. Mason's employment because of sex and pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant El Palacio Mexican Restaurants, Inc., an Arizona corporation, has continuously been doing business in the State of Arizona, including in Bullhead City, Arizona, and has continuously had at least fifteen employees.

5. At all relevant times Defendant El Palacio Mexican Restaurants, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Stephanie Mason filed a charge with the Commission alleging violations of Title VII by Defendant El Palacio Mexican Restaurants, Inc. ("El Palacio"). All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2009 Defendant El Palacio has engaged in unlawful employment practices at its Arizona facility in violation of Section 703(a) of Title VII, 42

U.S.C. 2000e-2(a). These unlawful employment practices include failing to hire or terminating the employment of Stephanie Mason because of her pregnancy. The facts supporting this claim include, but are not limited to:

   a. On or about July 9, 2009 El Palacio's hiring manager Max Correa interviewed Ms. Mason for a food server position with El Palacio.
   b. Ms. Mason was pregnant at the time she interviewed for the food server position with El Palacio.
   c. During Ms. Mason's interview Mr. Correa asked about Ms. Mason's qualifications.
   d. Ms. Mason was qualified for the position of food server. Ms. Mason had three years of experience working at a Burger King Restaurant, the last two of which she worked as the manager, supervising fifteen employees.
   e. On July 9, 2009 Ms. Mason was offered the food server position. Mr. Correa gave Ms. Mason an employee handbook to read and sign. Mr. Correa also gave Ms. Mason a menu to copy and study, instructed her to obtain a food handler's card, uniform pants and shoes, and make copies of her driver's license and social security card. Mr. Correa also gave Ms. Mason a tour of the restaurant.
   f. Ms. Mason purchased her uniform pants, socks, and shoes. On July 10, 2010, Ms. Mason applied for her food handler's card and paid the $20.00 application fee.
   g. El Palacio provides applicants for food server positions a menu only when the applicants have been hired.
   h. El Palacio asks applicants for food server positions to obtain a food handler's card only when the applicants have been hired.
   i. On July 10, 2009, Ms. Mason returned to the restaurant with copies of her driver's license and social security card. She also filled out her I-9 and W-2 forms. After Ms. Mason had completed this paperwork, Mr. Correa informed her of the two week training process, asked her what size uniform

3

       shirt she would need, and told her to return at 8:00 a.m. on Monday to begin working.

j. After telling Ms. Mason to return on Monday to start working, Ms. Mason asked Mr. Correa about El Palacio's maternity policy. Mr. Correa then asked Ms. Mason if she was pregnant. Ms. Mason stated that she was pregnant.

k. When Ms. Mason told Mr. Correa she was pregnant, Mr. Correa excused himself to make a phone call. Mr. Correa returned a short time later and told Ms. Mason that the food server position was already filled.

l. Subsequent to telling Ms. Mason that the food server position was filled, El Palacio hired two new female employees. Neither of these employees were pregnant at the time they were hired. One was hired July 13, 2010; the other was hired July 15, 2010.

8. Since at least July 2009 and continuing at least until approximately April 2010, El Palacio has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. §1602.14 to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. El Palacio had a policy of shredding the employment applications of applicants who were not hired. The applications were shredded within a month of their non-hire. Consequently, Ms. Mason's hiring documents are unavailable.

9. The effect of the practices complained of in Paragraphs 7 and 8 above has been to deprive Ms. Mason of equal employment opportunities and otherwise adversely affect her status as an employees because of her pregnancy.

10. The unlawful employment practices complained of in Paragraphs 7 and 8 were intentional.

11. The unlawful employment practices complained of in Paragraphs 7 and 8 above were done with malice and/or with reckless indifference to the federally protected rights of Ms. Mason.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant El Palacio, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination of employees because of sex or pregnancy.

B.     Order Defendant El Palacio to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant El Palacio to make whole Ms. Mason by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, right place instatement or reinstatement or front pay in lieu of instatement or reinstatement.

D.     Order Defendant El Palacio to make whole Ms. Mason, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 - 8 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.     Order Defendant El Palacio to pay Ms. Mason by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 7 - 8 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life,  in amounts to be determined at trial.

F.     Order Defendant El Palacio to pay Ms. Mason punitive damages for its malicious and/or reckless conduct described in Paragraphs 7 - 8 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 29th day of September, 2010.

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE 5th Floor
Washington, D.C. 20507-0004

/s Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

/s Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

/s Christopher R. Houk
CHRISTOPHER R. HOUK
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION- PHOENIX DISTRICT OFFICE
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012